**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HANG CHEN,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 08-73717<br><br>Agency No. A097-951-879<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Hang Chen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo questions of law and we review for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's finding that Chen failed to establish that the incidents of repeated questioning by police about his mother's whereabouts, the threat of arrest, or nearly being hit by a police officer, rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003); *Lim v. INS,* 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats, without more, generally do not constitute past persecution).

Substantial evidence also supports the agency's finding that Chen failed to establish that his fear of future persecution was objectively reasonable. *See Nagoulko*, 333 F.3d at 1018 (possibility of future harm too speculative to be basis for fear of future persecution). We reject Chen's contention that his situation is analogous to the petitioner in *Zhou v. Gonzales*, 437 F.3d 860, 867-69 (9th Cir. 2006), who submitted more testimonial and documentary evidence to support the objective basis of his fear of future persecution. Accordingly, Chen's asylum claim fails.

Because Chen failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, in his opening brief, Chen does not make any argument challenging the agency's denial of CAT relief. *See Husyev*, 528 F.3d at 1183 (CAT claim waived where petitioner failed to advance argument in support of it).

**PETITION FOR REVIEW DENIED.**